**FILED**
**DECEMBER 4, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6820**

| | |
|---|---|
| STEPHEN R. SADDEMI and ) <br> MARY A. SADDEMI ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STARWOOD HOTELS & RESORTS ) <br> WORLDWIDE, INC. and THE WESTIN ) <br> MICHIGAN AVENUE, ) <br> ) <br> Defendants. ) | Case No.: <br><br><br> **JUDGE KOCORAS** <br> **MAGISTRATE JUDGE MASON** |

## COMPLAINT WITH JURY DEMAND

NOW COMES Plaintiffs, STEPHEN R. SADDEMI and MARY A. SADDEMI (hereinafter "Saddemi" or "Plaintiffs"), by and through their attorneys, KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC and EASTMAN & SMITH and for their Complaint against STARWOOD HOTELS & RESORTS WORLDWIDE, INC. ("Starwood") and THE WESTIN MICHIGAN AVENUE ("Westin" or the "Hotel"), states as follows:

### THE PARTIES

1. Plaintiff Stephen R. Saddemi is a citizen and resident of the State of Ohio.

2. Plaintiff Mary A. Saddemi is a citizen and resident of the State of Ohio.

3. Defendant Starwood Hotels & Resorts Worldwide, Inc. is a corporation organized and registered in Maryland with its principal place of business in White Plains, Westchester County, New York.

4.      Defendant Westin Michigan Avenue is a corporation organized and registered in Delaware with its principal place of business in Chicago, Cook County, Illinois.

## JURISDICTION AND VENUE

5.      The citizenship, organization, and principal place of business of each and every defendant is in a state other than the State of Ohio where the plaintiffs are citizens.

6.      The amount in controversy in this action exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

7.      Pursuant to 28 U.S.C. §1332, this Court has jurisdiction of this action.

8.      Venue is proper in this court because Plaintiffs' claims arise from an incident that occurred in Chicago, Cook County, Illinois.

## BACKGROUND FACTS COMMON TO ALL COUNTS

9.      Stephen R. and Mary A. Saddemi are husband and wife.

10.      Stephen R. Saddemi is an orthopedic surgeon.

11.      On Friday, August 25, 2006, Dr. and Mrs. Saddemi drove from Toledo, Ohio to The Westin Michigan Avenue Hotel (hereafter, "the Hotel"), located in Chicago, Illinois.

12.      Dr. and Mrs. Saddemi checked into the Hotel, went shopping in downtown Chicago, and then returned to the Hotel.

13.      After returning to the Hotel, Dr. Saddemi showered, got dressed, and went out to dinner with his family.

14.      Returning from dinner, Dr. Saddemi changed from his street clothes into gym shorts and went to bed for the evening.

15. The next morning, on August 26, 2006, Dr. Saddemi awoke and noticed a tick on his skin just below the beltline on his left hip.

16. Dr. Saddemi removed the tick.

17. After removing the tick, Dr. Saddemi contacted the Hotel front desk/security.

18. Two gentlemen employees of the Hotel came to Dr. and Mrs. Saddemi's room and took a photograph of the tick and the bite mark on Dr. Saddemi.

19. On Friday, September 1, 2006, Dr. Saddemi noticed a rash covering his torso and he began experiencing headaches, light-headedness and dizziness, and general malaise.

20. On Saturday, September 2, 2006, an infectious disease specialist started Dr. Saddemi on antibiotics twice a day. Over the next few days, Dr. Saddemi continued feeling badly and did nothing except lie around at home. He tried to sleep at night, without success.

21. On Tuesday, September 5, 2006, Dr. Saddemi felt worse yet, and was forced to cancel a major surgery that morning and stay home.

22. On Wednesday, September 6, 2006, Dr. Saddemi continued to feel sick and developed double vision, which persisted for an additional three days, and he subsequently developed blurred vision.

23. Dr. Saddemi's physician ordered blood tests, a brain CT scan, an MRI, and a spinal tap.

24. The spinal tap and MRI were diagnostic of viral encephalitis, with an overlay of bacterial encephalitis.

25. Dr. Saddemi began going back to his office part-time during the week of September 11, 2006.

26. On September 18, 2006, Dr. Saddemi had a follow-up MRI which was again diagnostic of focal encephalitis involving the left visual cortex, but it showed improvement from the prior study.

### FIRST CLAIM FOR RELIEF
### (Negligence)

27. Plaintiffs incorporate as if fully rewritten herein all of the averments of paragraphs 1 through 26.

28. Plaintiffs, Dr. Saddemi and Mrs. Saddemi, were invitees and were on Defendants' property by invitation or permission of Defendants.

29. Defendants owed Dr. and Mrs. Saddemi a duty of ordinary care to maintain the Hotel in a reasonably safe and habitable condition.

30. Defendants breached their duty of care to plaintiffs.

31. Defendants' breach of their duty of care resulted in Plaintiff getting bitten by the tick, and contracting encephalitis.

32. As a direct and proximate result of Defendants' negligence, Dr. Saddemi suffered damages, including sickness for several months and significant impairment of his wages.

### SECOND CLAIM FOR RELIEF
### (Breach of Express and Implied Warranty)

33. Plaintiff incorporates as if fully rewritten herein all of the averments of paragraphs 1 through 32.

34. Defendants gave express warranties to plaintiffs promising "Acclaimed Services", "Luxurious Accommodations", the "Heavenly Bed", and "the comforts of home." See, e.g., http://www.starwoodhotels.com/westin/property/overview/index.html?propertyID=1030&requestedChainCode=WI&requestedAffiliationCode=WI&localeCode=en_US&localeoverwrite=&language=en_US&.

35. Defendants breached the foregoing warranties and others.

36. Defendants' breach of warranty proximately caused Dr. Saddemi to incur damages as described in paragraphs 31 and 32.

### THIRD CLAIM FOR RELIEF
### (Negligent Misrepresentation)

37. Plaintiffs incorporate as if fully rewritten herein all of the averments of paragraphs 1 through 36.

38. Defendants made representations to Dr. and Mrs. Saddemi, claiming that the Hotel provides "Acclaimed Service", "Luxurious Accommodations", the "Heavenly Bed", and "the comforts of home."

39. The Hotel had a duty to communicate accurate information to persons such as Plaintiffs.

40. Dr. and Mrs. Saddemi's exposure to ticks and Dr. Saddemi's tick bite were inconsistent with Defendants' representations of "Acclaimed Service", "Luxurious Accommodations", the "Heavenly Bed", and "the comforts of home".

41. Defendants' material representations of "Acclaimed Service", "Luxurious Accommodations", the "Heavenly Bed", and "the comforts of home" were intended to induce reliance by Dr. and Mrs. Saddemi.

42. Dr. and Mrs. Saddemi relied on Defendants' representations and stayed at the Hotel.

43. As a result of Dr. and Mrs. Saddemi's reliance on Defendants' representations, Dr. Saddemi was injured and incurred damages as described in paragraphs 31 and 32.

## FOURTH CLAIM FOR RELIEF
### (Loss of Consortium)

44. Plaintiffs incorporate as if fully rewritten herein all of the averments of paragraphs 1 through 43.

45. At all times relevant, Mary A. Saddemi has been married to Stephen R. Saddemi.

46. As a direct and proximate result of Defendants' negligence and breach of warranty, Mrs. Saddemi suffered a loss of her husband's consortium and services.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for compensatory damages in excess of $75,000, and for such other relief as the court deems proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

KARBAL, COHEN, ECONOMOU, SILK
& DUNNE, LLC


        s/Roderick T. Dunne
Roderick T. Dunne
200 South Michigan Avenue, 20th Floor
Chicago, Illinois 60604
Telephone:  (312) 431-3700
Fax:  (312) 431-3670

and

Stuart J. Goldberg
(Ohio Supreme Court Reg. # 0029469)
Connie S. Swemba
(Ohio Supreme Court Reg. # 0076258)
EASTMAN & SMITH LTD.
One SeaGate, 24th Floor
P. O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
Email: sjgoldberg@eastmansmith.com
csswemba@eastmansmith.com

Attorneys for Plaintiffs
Stephen R. Saddemi and Mary A. Saddemi

7