27699.00D600/tlt/Document #: 763497

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN R. SADDEMI and<br>MARY A. SADDEMI<br><br>  Plaintiffs,<br><br>  v.<br><br>STARWOOD HOTELS & RESORTS<br>WORLDWIDE, INC. and THE WESTIN<br>MICHIGAN AVENUE,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No.: 1:07-cv-06820<br>)  Judge Kocoras<br>)  Magistrate Judge Mason<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFFS' COMPLAINT AT LAW**

Defendants, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. {"STARWOOD"} and 909 NORTH MICHIGAN AVENUE CORPORATION, d/b/a THE WESTIN MICHIGAN AVENUE {"WESTIN"}, by and through their attorneys, Jeffrey H. Lipe and Brigitte C. Weyls of Williams Montgomery & John Ltd., and for their Answer and Affirmative Defenses to Plaintiffs' Complaint at Law, state as follows:

1. Plaintiff Stephen R. Saddemi is a citizen and resident of the State of Ohio.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. Plaintiff Mary A. Saddemi is a citizen and resident of the State of Ohio.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. Defendant Starwood Hotels & Resorts Worldwide, Inc. is a corporation organized and registered in Maryland with its principal place of business in White Plains, Westchester County, New York.

ANSWER: Defendants, STARWOOD and WESTIN, admit the allegations of Paragraph 3.

4. Defendant Westin Michigan Avenue is a corporation organized and registered in Delaware with its principal place of business in Chicago, Cook County, Illinois.

ANSWER: Defendants, STARWOOD and WESTIN, admit that 909 North Michigan Avenue Corporation, d/b/a Westin Michigan Avenue, is a corporation organized and registered in Delaware with its principal place of business in Chicago, Cook County, Illinois, but deny all remaining allegations of Paragraph 4 inconsistent therewith.

5. The citizenship, organization, and principal place of business of each and every defendant is in a state other than the State of Ohio where the plaintiffs are citizens.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 as they pertain to the citizenship of Plaintiffs, but admit the remaining allegations contained in Paragraph 5 as they pertain to each answering Defendant.

6. The amount in controversy in this action exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

ANSWER: Defendants, STARWOOD and WESTIN, deny the allegations of Paragraph 6.

7. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction of this action.

ANSWER: Defendants, STARWOOD and WESTIN, deny the allegations of Paragraph 7.

8. Venue is proper in this Court because Plaintiffs' claims arise from an incident that occurred in Chicago, Cook County, Illinois.

ANSWER: Defendants, STARWOOD and WESTIN, admit the Plaintiffs allege that an incident occurred in Chicago, Cook County, Illinois, but deny any allegations of wrongful conduct, as detailed in their answers to specific allegations below, and further deny all remaining allegations of Paragraph 8 inconsistent therewith.

9. Stephen R. and Mary A. Saddemi are husband wife.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Stephen R. Saddemi is an orthopedic surgeon.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. On Friday, August 25, 2006, Dr. and Mrs. Saddemi drove from Toledo, Ohio, to The Westin Michigan Avenue Hotel (hereafter, "the Hotel"), located in Chicago, Illinois.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Dr. and Mrs. Saddemi checked into the Hotel, went shopping in downtown Chicago, and then returned to the Hotel.

ANSWER: Defendants, STARWOOD and WESTIN, admit that Plaintiffs checked into the hotel on or about August 25, 2006, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12.

13. After returning to the Hotel, Dr. Saddemi showered, got dressed, and went out to dinner with his family.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. Returning from dinner, Dr. Saddemi changed from his street clothes into gym shorts and went to bed for the evening.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. The next morning, on August 26, 2006, Dr. Saddemi awoke and noticed a tick on his skin just below the beltline on his left hip.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and deny any and all allegations of wrongful conduct.

16. Dr. Saddemi removed the tick.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and deny that said tick was present at the hotel known as the Westin Michigan Avenue and further deny any and all allegations of wrongful conduct.

17. After removing the tick, Dr. Saddemi contacted the Hotel front desk/security.

ANSWER: Defendants, STARWOOD and WESTIN, admit that on or about August 26, 2006, Plaintiff STEPHEN R. SADDEMI contacted a front desk agent at the hotel known as the Westin Michigan Avenue, but deny that said tick was present at the hotel and further deny any and all allegations of wrongful conduct.

18. Two gentlemen employees of the Hotel came to Dr. and Mrs. Saddemi's room and took a photograph of the tick and the bite mark on Dr. Saddemi.

ANSWER: Defendants, STARWOOD and WESTIN, admit that on or about August 26, 2006, a staff member of the hotel reported to the guest room occupied by Plaintiffs, STEPHEN R. SADDEMI and MARY A. SADDEMI, and photographed parts of STEPHEN R. SADDEMI'S person, but deny that said tick was present at the hotel and further deny any and all allegations of wrongful conduct.

19. On Friday, September 1, 2006, Dr. Saddemi noticed a rash covering his torso and he began experiencing headaches, light-headedness and dizziness, and general malaise.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20. On Saturday, September 2, 2006, an infectious disease specialist started Dr. Saddemi on antibiotics twice a day. Over the next few days, Dr. Saddemi continued feeling badly and did nothing except lie around at home. He tried to sleep at night, without success.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21. On Tuesday, September 5, 2006, Dr. Saddemi felt worse yet, and was forced to cancel a major surgery that morning and stay home.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. On Wednesday, September 6, 2006, Dr. Saddemi continued to feel sick and developed double vision, which persisted for an additional three days, and he subsequently developed blurred vision.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Dr. Saddemi's physician ordered blood tests, a brain CT scan, an MRI, and a spinal tap.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. The spinal tap and MRI were diagnostic of viral encephalitis, with an overlay of bacterial encephalitis.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. Dr. Saddemi began going back to his office part-time during the week of September 11, 2006.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26. On September 18, 2006, Dr. Saddemi had a follow-up MRI which was again diagnostic of focal encephalitis involving the left visual cortex, but it showed improvement from the prior study.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

**FIRST CLAIM FOR RELIEF**
(Negligence)

27. Plaintiffs incorporate as if fully rewritten herein all of the averments of paragraphs 1 through 26.

6

ANSWER: Defendants, STARWOOD and WESTIN, re-allege and incorporate their answers to Paragraphs 1 through 26, as though fully set forth herein in Paragraph 27 of Count I.

28. Plaintiffs, Dr. Saddemi and Mrs. Saddemi, were invitees and were on Defendants' property by invitation or permission of the Defendants.

ANSWER: Defendants, STARWOOD and WESTIN, admit that Plaintiffs, STEPHEN R. SADDEMI and MARY A. SADDEMI, were guests of the hotel known as the Westin Michigan Avenue on or about the afternoon of August 25, 2006 through check-out on or about August 26, 2006, but deny all remaining allegations of Paragraph 28 inconsistent therewith.

29. Defendants owed Dr. and Mrs. Saddemi a duty of ordinary care to maintain the Hotel in a reasonably safe and habitable condition.

ANSWER: Defendants, STARWOOD and WESTIN, admit only those duties imposed upon them by Illinois law and deny all remaining allegations of Paragraph 29 inconsistent therewith.

30. Defendants breached their duty of care to plaintiffs.

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations of Paragraph 30.

31. Defendants' breach of their duty of care resulted in Plaintiff getting bitten by the tick and contracting encephalitis.

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations of Paragraph 31 and further deny that the Plaintiff, STEPHEN R. SADDEMI, was injured in the manner or to the extent alleged.

32. As a direct and proximate result of Defendants' negligence, Dr. Saddemi suffered damages, including sickness for several months and significant impairment of his wages.

ANSWER:   Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations of Paragraph 32 and further deny that the Plaintiff, STEPHEN R. SADDEMI, was injured in the manner or to the extent alleged.

## SECOND CLAIM FOR RELIEF
(Breach of Express and Implied Warranty)

33.   Plaintiff incorporates as if fully rewritten herein all of the averments of paragraphs 1 through 32.

ANSWER:   Defendants, STARWOOD and WESTIN, re-allege and incorporate their answers to Paragraphs 1 through 32, as though fully set forth herein in Paragraph 33 of Count II.

34.   Defendants gave express warranties to plaintiffs promising "Acclaimed Services", "Luxurious Accommodations", the "Heavenly Bed", and "the comforts of home." See, e.g., http://www.starwoodhotels.com/westin/property/overview/index.html?propertyID=1030&requestedChainCode=WI&requestedAffiliationCode=WI&localeCode=en_US&localeoverwrite=&language=en_US&.

ANSWER:   Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations of Paragraph 34 and further state that Plaintiffs' use of the website, as identified by the aforementioned URL, provides that any information, contents and/or material provided on said website is provided on an "as is" basis without warranties of any kind.

35.   Defendants breached the foregoing warranties and others.

ANSWER:   Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations of Paragraph 35 and further state that Defendants' provided no such warranties to the Plaintiffs, STEPHEN R. SADDEMI and MARY A. SADDEMI, and that no such warranties were made to the Plaintiffs and others by virtue of the opinions, information, contents and/or

8

material contained on the website accessed by the Plaintiffs concerning the hotel known as the Westin Michigan Avenue.

36. Defendants' breach of warranty proximately caused Dr. Saddemi to incur damages as described in paragraphs 31 and 32.

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations of Paragraph 36 and further deny that the Plaintiff, STEPHEN R. SADDEMI, was injured in the manner or to the extent alleged.

### THIRD CLAIM FOR RELIEF
(Negligent Misrepresentation)

37. Plaintiffs incorporate as if fully rewritten herein all of the averments of paragraphs 1 through 36.

ANSWER: Defendants, STARWOOD and WESTIN, re-allege and incorporate their answers to Paragraphs 1 through 36, as though fully set forth herein in Paragraph 37 of Count III.

38. Defendants made representations to Dr. and Mrs. Saddemi, claiming that the Hotel provides "Acclaimed Service", "Luxurious Accommodations", the "Heavenly Bed", and "the comforts of home."

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations of Paragraph 38 and further state that the opinions, information, contents and/or material contained on the website accessed by the Plaintiffs concerning the hotel known as the Westin Michigan Avenue is not, and was not, a representation or guarantee of specific features available at the hotel known as the Westin Michigan Avenue and that Defendants made no such promises, representations or guarantees that requests for specific features would be provided at the hotel.

39. The Hotel had a duty to communicate accurate information to persons such as Plaintiffs.

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations of Paragraph 38 and further state that Defendants assumed no such duty by virtue of the opinions, information, contents and/or material contained on the website accessed by the Plaintiffs concerning the hotel known as the Westin Michigan Avenue, as said website contained an express disclaimer concerning its contents.

40. Dr. and Mrs. Saddemi's exposure to ticks and Dr. Saddemi's tick bite were inconsistent with Defendants' representations of "Acclaimed Service", "Luxurious Accommodations", the "Heavenly Bed", and "the comforts of home."

ANSWER: Defendants, STARWOOD and WESTIN, deny that the Plaintiffs, STEPHEN R. SADDEMI and MARY A. SADDEMI, were exposed to ticks as a result of any actions or conduct by the Defendants, Defendants deny any and all allegations of wrongful conduct and further deny that the Plaintiffs' alleged exposure to ticks is in anyway related to the opinions, information, contents and/or material contained on the website accessed by the Plaintiffs concerning the hotel known as the Westin Michigan Avenue

41. Defendants' material representations of "Acclaimed Service", "Luxurious Accommodations", the "Heavenly Bed", and "the comforts of home" were intended to induce reliance by Dr. and Mrs. Saddemi.

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations contained in Paragraph 41 and further state that the opinions, information, contents and/or material contained on the website accessed by the Plaintiffs concerning the hotel known as the Westin Michigan Avenue did not consist of material representations.

42. Dr. and Mrs. Saddemi relied on Defendants' representations and stayed at the Hotel.

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations contained in Paragraph 42 and further state that Defendants' provided an express disclaimer concerning any opinions, information, contents and/or material contained on the website accessed by the Plaintiffs concerning the hotel known as the Westin Michigan Avenue.

43. As a result of Dr. and Mrs. Saddemi's reliance on Defendants' representations, Dr. Saddemi was injured and incurred damages as described in paragraphs 31 and 32.

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations contained in Paragraph 43 and further deny that the Plaintiff, STEPHEN R. SADDEMI, was injured in the manner or to the extent alleged.

**FOURTH CLAIM FOR RELIEF**
(Loss of Consortium)

44. Plaintiffs incorporate as if fully rewritten herein all of the averments of paragraphs 1 through 43.

ANSWER: Defendants, STARWOOD and WESTIN, re-allege and incorporate their answers to Paragraphs 1 through 43, as though fully set forth herein in Paragraph 44 of Count IV.

45. At all times relevant, Mary A. Saddemi has been married to Stephen R. Saddemi.

ANSWER: Defendants, STARWOOD and WESTIN, are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46. As a direct and proximate result of Defendants' negligence and breach of warranty, Mrs. Saddemi suffered a loss of her husband's consortium and services.

ANSWER: Defendants, STARWOOD and WESTIN, deny the legal conclusions and allegations contained in Paragraph 46 and further deny that the Plaintiff, MARY A. SADDEMI, was injured in the manner or to the extent alleged.

## AFFIRMATIVE DEFENSES

Defendants, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. {"STARWOOD"} and 909 NORTH MICHIGAN AVENUE CORPORATION d/b/a WESTIN MICHIGAN AVENUE {"WESTIN"}, pleading in the alternative and without prejudice to their prior denials state for their affirmative defenses to the Plaintiff's Complaint as follows:

### I. FAILURE TO STATE A CLAIM

As a first, separate and affirmative defense to the allegations of Counts II and III in the Complaint, it is alleged that both Counts fail to state a cause of action upon which relief can be granted.

### II. FAILURE TO MITIGATE

As a second, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiff, STEPHEN R. SADDEMI, failed to mitigate his damages at the time and place aforesaid, thereby causing and contributing to the injuries alleged, when he failed to seek medical attention in a timely manner.

### III. WAIVER

As a third, separate and affirmative defense to the allegations contained in the Complaint, the Plaintiffs, STEPHEN R. SADDEMI and MARY A. SADDEMI, waived their right to enforce the opinions, information, contents and/or material contained in any advertising or promotional materials, including the website accessed by the Plaintiffs, concerning the hotel known as the Westin Michigan Avenue, as set forth by the terms and conditions of said advertising or promotional materials, before they stayed at the hotel.

### IV.  LACK OF STANDING

As a fourth, separate and affirmative defense to the allegations contained in the Complaint, Plaintiffs, STEPHEN R. SADDEMI and MARY A. SADDEMI, lack standing to bring the Complaint.  The Defendants never assumed, or consented to, any duty by virtue of the opinions, information, contents and/or material contained in any advertising or promotional materials, including the website accessed by the Plaintiffs, concerning the hotel known as the Westin Michigan Avenue.

### V.  CONTRIBUTORY NEGLIGENCE

As a fifth, separate and affirmative defense to the allegations contained in the Complaint, Plaintiff, STEPHEN R. SADDEMI, is barred from any recovery because the Plaintiff's contributory negligence was greater than 50% of the total fault involved in the incident alleged, which allegedly caused the Plaintiff's injuries.

### VI.  DISCLAIMER OF WARRANTIES

As a sixth, separate and affirmative defense to the allegations contained in Counts II and III of the Complaint, Plaintiffs, STEPHEN R. SADDEMI and MARY A. SADDEMI, are barred from any recovery because the Defendants disclaimed all express and/or implied warranties.

### JURY DEMAND

Defendants, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. and 909 NORTH MICHIGAN AVENUE CORPORATION, pursuant to Rule 38(b) hereby demand a trial by jury on all triable issues.

WHEREFORE, Defendants, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. and 909 NORTH MICHIGAN AVENUE CORPORATION, state that Plaintiffs are entitled

to no relief whatsoever, and pray that this court dismiss the Complaint with prejudice, with costs and with any other relief this Court deems appropriate.

        Respectfully submitted,

        WILLIAMS MONTGOMERY & JOHN LTD.


        /s/ Brigitte C. Weyls
        One of the Attorneys for Defendants
        STARWOOD HOTELS & RESORTS WORLDWIDE, INC. and
        909 NORTH MICHIGAN AVENUE CORPORATION

Jeffrey H. Lipe (06185734)
Brigitte C. Weyls (6278696)
WILLIAMS MONTGOMERY & JOHN LTD.
Attorneys for Defendants
STARWOOD HOTELS & RESORTS WORLDWIDE, INC. and
909 NORTH MICHIGAN AVENUE
20 North Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 443-3200 / Fax: (312) 630-8500
Document #: 763497

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

Roderick T. Dunne
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
200 South Michigan Avenue, 20th Floor
Chicago, Illinois 60604
Email:  rdunne@karballaw.com


                                                  /s/ Brigitte C. Weyls